UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------

| | |
|---|---|
| LORI CHAVEZ-DEREMER, : | |
| Secretary of Labor, | |
| United States Department of Labor, : | |
| | |
| Plaintiff, : | **COMPLAINT** |
| | |
| v. : | |
| | |
| : | No. 25-CV-04121 |
| ANTHONY CHILLIEST; ADDICTS | |
| REHABILITATION CENTER : | |
| RETIREMENT PLAN AND TRUST; and | |
| ADDICTS REHABILITATION CENTER : | |
| FOUNDATION/GABRIEL HOUSE | |
| RETIREMENT PLAN AND TRUST, : | |
| | |
| : | |
| Defendants. | |

----------------------------------------------------------------------

Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor (the "Secretary"), hereby alleges:

1.  The Addicts Rehabilitation Center Retirement Plan and Trust (the "ARC Plan") and the Addicts Rehabilitation Center Foundation/Gabriel House Retirement Plan and Trust (the "GH Plan," and, along with the ARC Plan, the "Plans"), which hold assets covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), were abandoned by their trustee, Anthony Chilliest, who has ceased to act on the Plans' behalf.

2.  Because both Plans exist without an active fiduciary, the Secretary therefore brings this action under Title I of ERISA, as amended, 29 U.S.C. § 1001 *et seq.*, to formally remove all current fiduciaries and appoint an independent fiduciary to distribute the Plans' assets.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

4. Venue with respect to this action lies in the United States District Court for the Southern District of New York, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because, at all times relevant to this complaint, the Plans were administered within this district, all breaches took place within this district, and all defendants could be found within this district.

## PARTIES

5. Plaintiff, the Secretary, is vested with authority pursuant to sections ERISA §§ 502(a)(2) and 502(a)(5), 29 U.S.C. § 1132(a)(2), (a)(5), to enforce the provisions of Title I of ERISA by, among other means, filing and prosecuting claims against fiduciaries who breach their duties under Title I of ERISA.

6. Defendant Chilliest was the Plans' trustee and had discretionary authority or responsibility in the administration of the Plans, thus, he meets the definition of a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

7. The Plans are employee pension benefit plans within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2) and are covered by ERISA, pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a). They are joined as defendants under Federal Rule of Civil Procedure 19(a) solely to ensure that complete relief can be granted.

## FACTUAL BACKGROUND

8. The Addicts Rehabilitation Center, Inc. (the "Center") was a non-profit organization to provide services to individuals with substance use disorder, HIV, and other lifelong afflictions in New York City.

9. The Center established the ARC Plan to provide retirement benefits for the Center's employees.

10. Addicts Rehabilitation Center Foundation, Inc. (the "Foundation") was a non-profit organization to provide housing for individuals with substance use disorder, HIV, and other lifelong afflictions in New York City.

11. The Foundation established the GH Plan to provide retirement benefits for the Foundation's employees.

12. Both the Center and the Foundation ceased operations in 2019.

13. Following the Center's and the Foundation's cessation of operations, the Center and the Foundation amended their documents to permit all distributions to be made "as soon as administratively feasible."

14. Defendant Chilliest, who was the Plans' trustee and a fiduciary to them, did not take steps to permit distributions or otherwise to administer the Plans.

15. In 2023 and 2024, Chilliest was indicted on charges of tax fraud and grand larceny.

16. Since then, no individual or entity has come forward to assume fiduciary responsibility for the Plans or to distribute the Plans' assets to participants.

17. There is no fiduciary actively functioning on behalf of the Plans, which have not been terminated.

18. As of March 2024, the ARC Plan held $5,668,718.97, owed to 256 participants.

19. As of March 2024, the GH Plan held $81,243.55, owed to 22 participants.

20. Without a duly appointed fiduciary, participants of the Plans are unable to obtain distributions of their retirement assets.

## CLAIM FOR RELIEF – VIOLATIONS OF ERISA § 404

21. ERISA § 404(a), 29 U.S.C. § 1104(a), requires that fiduciaries shall discharge their obligations prudently and loyalty, in sole interests of participants and beneficiaries, and in accordance with plan documents.

22. By the conduct and circumstances described above, defendant Chilliest breached these fiduciary duties to the Plans and their participants and beneficiaries, in violation of ERISA § 404(a), 29 U.S.C. § 1104(a).

23. As a result of these violations, corrective action, including removal of defendant Chilliest, is required under ERISA § 409(a), 29 U.S.C. § 1109(a).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary requests that this Court enter an order:

A. removing Defendant from his roles respecting the Plans;

B. appointing an independent fiduciary to administer the Plans and distribute the Plans' assets to participants and beneficiaries;

C. ordering that any incurred expenses associated with the appointment of the independent fiduciary and subsequent administration and termination of the Plans be charged to defendant Chilliest; and

D. ordering such further relief as is appropriate and just.

DATED:

    New York, NY

Respectfully Submitted,

JONATHAN L. SNARE
Acting Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

_____
OMAR SALEEM
Trial Attorney

U.S. Department of Labor
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
646-264-3632
Saleem.Omar@dol.gov NY-SOL-ECF@dol.gov

*Attorneys for Lori-Chavez Deremer, Secretary of Labor, Plaintiff*