UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------
LORI CHAVEZ-DEREMER, Secretary of Labor,    :
United States Department of Labor,
                                            :
                        Plaintiff,
                                            :
         v.                                      Case 25-CV-04121-RA
                                            :
ANTHONY CHILLIEST; ADDICTS
REHABILITATION CENTER                       :
RETIREMENT PLAN AND TRUST; and
ADDICTS REHABILITATION CENTER               :
FOUNDATION/GABRIEL HOUSE
RETIREMENT PLAN AND TRUST                   :

                        Defendants.         :
----------------------------------------------------------------------

## [PROPOSED] CONSENT ORDER AND JUDGMENT

**WHEREAS**, this action was filed by the Secretary of Labor, U.S. Department of Labor (the "Secretary") pursuant to Title I of the Employee Retirement Income Security Act of 1971 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and by the authority vested in the Secretary by ERISA §§ 502(a)(2) & 502(a)(5), 29 U.S.C. §§ 1132(a)(2) & 1132(a)(5) alleging that defendant Anthony Chilliest (the "Fiduciary Defendant") had breached their duties to the Addicts Rehabilitation Center Retirement Plan and Trust and the Addicts Rehabilitation Center Foundation/Gabriel House Retirement Plan and Trust (the "Plans") and their participants and beneficiaries in violation of ERISA;

**WHEREAS**, this Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); venue of this action lies in the Southern District of New York pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); this Court has personal jurisdiction over Defendants for all purposes relevant to this matter including the entry of this

Order pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1);

**WHEREAS**, the Secretary and Defendants (collectively, the "Parties") now present for approval and entry of this Consent Judgment providing for the appointment of an independent fiduciary;

**WHEREAS**, Metro Benefits, Inc. has submitted a proposal to perform the estimated independent fiduciary services for $9,250.00; and

**WHEREAS**, this will resolve this case and all known issues between the parties;

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The motion for entry of consent judgment is hereby granted and judgment is entered.

2. The Fiduciary Defendant is removed from his role as fiduciaries to both Plans and permanently enjoined from serving or acting as a fiduciary to any employee benefit plan subject to Title I of ERISA.

3. Metro Benefits, Inc. (the "Independent Fiduciary") is permanently appointed as independent fiduciary of the Plans and shall have the exclusive authority to exercise all powers previously exercised or held by the Fiduciary Defendant with respect to the Plans, including but not limited to full authority and control with respect to the management or disposition of the assets of the Plans.

4. The Fiduciary Defendant shall cooperate fully with the Independent Fiduciary in the performance of the Independent Fiduciary's duties and responsibilities and shall require that all employees, attorneys, agents, advisers, and representatives, as a condition of maintaining their relationships with the Fiduciary Defendants to cooperate fully with the Independent Fiduciary in the performance of the Independent Fiduciary's duties and responsibilities.

5.     Concerning any activities which the Independent Fiduciary performs, the Independent Fiduciary shall be free to consult with the Secretary, the Internal Revenue Service, other federal, state, and local governmental agencies, and any other person or entity that the Independent Fiduciary believes appropriate in the conduct of the Independent Fiduciary's duties, including attorneys, accountants, actuaries, and other service providers.

6.     The Independent Fiduciary shall be entitled to receive fees and expenses reasonably and necessarily incurred in administrating and terminating the Plans, not to exceed $9,250.00. Should the scope of the Independent Fiduciary's work change, the Independent Fiduciary may petition the Court to increase this amount.

7.     The payment of reasonable fees and expenses to the Independent Fiduciary, and to its assistants, attorneys, accountants, actuaries and other necessary service providers, shall be considered priority administrative expenses of the Plans superior to any other class of expense or obligation. The Independent Fiduciary's second priority shall be the payment of legitimate claims on the Plans by their participants and beneficiaries.

8.     On a quarterly basis, the Independent Fiduciary shall provide the Secretary with a report of all significant actions taken and all funds expended.

9.     This Order shall operate as a full, final, and complete judicial resolution and disposition of all claims asserted in the Complaint by the Secretary against Defendants.

10.    Each Defendant, as well its agents, beneficiaries, representatives, assigns, and successors in interest, hereby releases the Secretary and the Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and official capacities, from all actions, claims, and demands of whatsoever nature, including those arising under any statute, rule, or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action

3

or any other proceeding or investigation relating to or in connection with this civil action. Each Defendant expressly waives any and all such claims of any nature that it may have against the Secretary, the U.S. Department of Labor, or any of the Secretary's officers, agents, attorneys, employees, or representatives arising under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

11. This matter is deemed closed; however, the Independent Fiduciary may apply to the Court for clarification of this Order or enforcement of this Order's terms.

JONATHAN L. SNARE
Acting Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

/s/ Omar Saleem
OMAR SALEEM
Trial Attorney

U.S. Department of Labor
*Attorneys for the*
*Secretary of Labor, Plaintiff*

U.S. Department of Labor
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
646-264-3632
Saleem.Omar@dol.gov
NY-SOL-ECF@dol.gov

/s/ Anthony Chilliest
Anthony Chilliest
*Defendant*

/s/ Anthony Chilliest
The Addicts Rehabilitation Center Retirement Plan and Trust
*Defendant*

/s/ Anthony Chilliest
The Addicts Rehabilitation Center Foundation/Gabriel House Retirement Plan and Trust
*Defendant*

**SO ORDERED.**

DATED: June 24, 2025

_____
HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE